**STATE ex NICHOLS v GREGORY et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2498.  Decided Feb 4, 1936

Carrington T. Marshall, Columbus, for relator.

John W. Bricker, Attorney General, Columbus, and R. R. Zurmehly, Asst. Atty. Gen., Columbus, for respondents.

## OPINION

By BARNES, PJ.

Plaintiff brings an original action in this court seeking a mandatory order to compel the Industrial Commission of Ohio to reconsider his application of October 28, 1933, as an application for rehearing as to his right to receive compensation.

Counsel for respondents filed a general demurrer and with same a brief in which it is claimed the petition does not state a cause of action.

An alternative writ of mandamus issued from this court on October 3, 1934, and was allowed and signed by all three members of the court.

Sec 12292, GC, might indicate that demurrer is only permitted where a writ is allowed by a single judge. The section reads as follows:

"Sec 12292 GC. DEFENDANT MAY DEMUR OR ANSWER. On the return day of an alternative writ or such further day as the court allows, the defendant may answer as in a civil action; or, if the writ be allowed by a single judge, he may demur."

We prefer to decide the question herein involved on the merits and not wholly on procedure.

The relator's petition in substance states that on February 23, 1931, he was employed by A. H. Heisey & Company of Newark, Ohio, and on said date in the course of his employment was severely injured. The Heisey Company at said time was a contributor to the Workmen's Compensation fund of the state of Ohio.

The Industrial Commission of Ohio exercised jurisdiction over said injury and paid the medical expenses of the physician attending the relator.

No compensation was paid to the relator at that time by reason of the fact that he lost no time in his employment, and further his employers paid him full wages without deduction, immediately placed relator in employment requiring less exertion and continued said employment thereafter until February 1st, 1932.

The relator further says that after said injury on February 23, 1931, and as a result of said injury his physical condition gradually grew worse and as a result of which on February 1st, 1932, he was compelled to entirely cease his employment. Thereupon he invoked the continuing jurisdiction of the Industrial Commission and made application for compensation and submitted himself to a medical examination, upon consideration whereof his claim for compensation was on October 11, 1932, denied. Plaintiff further says that the issue before the Commission on said hearing was as to whether or not relator's injuries were received in the course of his employment, and that the order denying compensation was in the following language, "that the Commission find from proof on file claimant was not disabled for more than seven days as a result of his injury."

Thereafter, within thirty days from the entering of said order relator filed his application for rehearing but that said application for rehearing was improperly entitled, "Application for modification of award." Relator further states in substance that respondent held said application to a strict interpretation and refused to consider same as an application for rehearing although relator has instituted other proceedings in his effort to have such application so considered.

Very able and comprehensive briefs have been submitted by counsel representing the respective interests.

It is conceded and we must recognize that the Indutsrial Commission law must be liberally construed.

Sec 1465-91, GC, in part reads as follows:

"Sec 1465-91 GC. Such Commission shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules or procedure other than is herein provided; but may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of this act. * * *"

Sec 1465-86 GC provides that the powers and jurisdiction of the Board over each case shall be continuing and it may from time to time make such modifications or change with respect to former findings or orders with respect thereto as in its opinion may be justified. The first paragraph of §1465-90 GC reads as follows:

"The Commission shall have full power and authority to hear and determine all questions within its jurisdiction and its decision thereon, including the extent of disability and amount of compensation to be paid in each claim shall be final."

This first paragraph of §1465-90, GC, has been the source of much controversy and courts at times have been uncertain as to the proper interpretation of the language therein used.

At this date it is surely definitely settled that each and all orders of the Commission in respect to all claims properly before it are final and unimpeachable (save for abuse of discretion) except* jurisdictional questions. If a claimant's right to participate or to continue to participate in the fund is denied because of a determination of the Commission that they have no jurisdiction, then and in that event the order is not final but may be appealed. State ex **Depalo v Industrial Commission of Ohio,** 128 Oh St, 411, Syl 3; §1465-90, GC.

Sec 1465-90, GC, provides the procedural steps to be taken where claimant's right to participate is denied on jurisdictional grounds, and the pertinent part of this section reads as follows:

"In all claims for compensation on account of injury or death resulting therefrom, if the Commission finds that it has no jurisdiction of the claim and has no authority thereby to inquire into the extent of disability or the amount of compensation and denies the right of the claimant to receive compensation or to **continue to receive compensation** for such reason" (emphasis ours) "then the claimant may within thirty days after receipt of notice of such finding of the Commission file an application with the Commission for a rehearing of his claim, whereupon the former action of the Commission thereon shall be vacated and the Commission shall fix a date for rehearing of such claim and give the claimant and his employer at least one week's prior notice thereof."

In the instant case it appears that no award was made to the plaintiff except for the payment of services of attending physician.

Under the then existing condition relator was content with the order made. His application made nearly a year later is based on the claim that a changed condition had arisen attributable to his original injury and that he is now unable to continue at his employment.

Under the demurrer we must accept the properly pleaded allegations of the petition as true. Under the facts alleged relator, independent of procedural questions would be entitled further to participate in the fund under the continuing jurisdiction of the Commission. If the claim was in fact denied on jurisdictional grounds there would be the right of appeal provided claimant follows the methods provided for perfecting the appeal. This brings us in the instant case to the real controverted issue.

Relator filed his application which was denied. If denied on jurisdictional grounds as he claims the next step prescribed is within thirty days to file an application for rehearing. Relator in his petition says that he did so file his application for rehearing within thirty days, but through inadvertence such application was filed on the printed form entitled "Modification of Award." If this application is held strictly to its language relator must be denied any further relief. If it may and should be properly considered as an application for rehearing, then this court should overrule the demurrer. Considering the question from its four corners in the light of the allegations of the petition we think that it is proper to pass through form and look to the substance.

We arrive at this conclusion from the following reasoning: Relator had not received any award payable to himself. In his application he was seeking an award. This was denied. A layman probably would not understand the difference between a modification and rehearing, but in law what he wanted was a rehearing and not a modification. From his viewpoint there was nothing to modify. He wanted his claim reheard and allowed. We think that the following cases are in point:

**State ex Depalo v Industrial Commission of Ohio,** 128 Oh St, 410; Syl. 1, 2, 3;

Also refer to opinion at pages 417, 418, 419 and 420.

**State ex Griffey v Industrial Commission of Ohio,** 125 Oh St, 27; Syl. 1, 2; also p. 29 of the opinion.

Respondent's demurrer will be overruled and leave given to file answer within rule.

Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.